FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 09 2020 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

DOMINGO VENTURA,
    Petitioner,

CASE NO. 13-CR-00181-KBF-3

v.

UNITED STATES OF AMERICA,
    Respondent.

---

Pro se MOTION FOR COMPASSIONATE RELEASE UNDER
18 U.S.C. § 3582(c)(1)(A)(i), AND § 603(b)(1)
OF THE FIRST STEP ACT OF 2018

---

COMES NOW, the Petitioner, Domingo Ventura, by and through Pro se, who hereby MOVES this Honorable District Court for the Eastern District of New York, Brooklyn Dividion, for Compassionate Release and reduction of his federal sentence to time-served based upon the "Extraordinary and Compelling" circumstances caused by the Covid-19 pandemic infection. The Petitioner Ventura (hereinafter "Petitioner") files this emergency motion for compassionate release pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1)(Compassionate Release clause) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (December 21, 2018).

## I. BACKGROUND

The Petitioner was originally arrested and taken into custody by federal law enforcement authorities on February 13, 2013, upon accusation of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846. On or about October 13, 2013, the Petitioner signed a plea agreement with the United States Attorney whereby admitting to having conspired to possesses with intent to distribute heroin.

On February 14, 2014, the Petitioner was sentenced by this Court to a term of 151 months imprisonment, two years of supervised release, and not probation. On February 24, 2020, the Petitioner's original term of sentence was updated based upon the First Step Act of 2018. As a result, the Petitioner's original projected release date changed and his updated projected release date is now November 03, 2023, via GCT. The Petitioner is currently housed at Oakdale Federal Correctional Institution II, P.O. Box 5010, Oakdale, Louisiana 71463.

## II. FACTUAL STATEMENT

The Petitioner is a 53 year old inmate who suffers from several chronic-medical illnesses that are being diagnosed and treated by the Health Service Unit (HSU) here at Oakdale FCI II. The following chronic-illnesses do make the Petitioner most vulnerable to be affected by the Covid-19 infection: 1) thyroid malfunction, 2) prostate antigen high. In fact, the Petitioner's potential risk of being infected with the Covid-19 virus is severely aggravated by his diminshed immune system. The Petitioner's vulnearability to Covid-19 is further aggravated here at Oakdale FCI where due to the administrative mishandle of the Covid-19 situation at least eight (8) inmates have died as a consequence of being infeted with Covid-19. According to a memorandum issued by Warden Myers (warden Myers was fired from his job on May 22, 2020) here at Oakdale, at least 47 inmates have contracted the Covid-19 virus; that in addition to 17, or more, staff that have also tested positive to Covid-19 infection. According to a report issued by the Bureau of Prisons, at least a quarter of Covid related prisoners deaths have occurred here at Oakdale Federal Correctional Institution. Id. Department of Justice Memo.

## III. ARGUMENT

The Petitioner is hereby moving this Court for Compassionate

Release and to resentence him to time-served based upon the extraordinary and compelling reasons triggered by the Covid-19 pandemic infection that has had an unprecedented and tragic impact here at the Oakdale Federal Correctional Institution. As of March of 2020, a very large number of inmates have died from Covid-19 infection; many other inmates have contracted the virus and are now in critical condition. Due to having mishandled the Covid-19 infection situation, the warden here at Oakdale Federal Correctional Institution has been fired as of May 22, 2020. According to national and local news outlets, Oakdale Federal Correctional Institutions have been the most affected with the largest number of infections per capita.

In this particular case, the Petitioner is at greater risk of being infected with the Covid-19 virus, and even die, due to his chronic illnesses as decribed before. The Petitioner therefore claims that Title 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, does provide the venue and jurisdiction for the relief requested hereby.

18 U.S.C. § 3582(c)(1)(A)(i) in pertinent part states:

(c). Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that--

(1). in any case--

(A). the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf for the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that--

(i). extraordinary and compelling reasons warrant such reduction; or....

3.

In fact, Section 3553(a)(2)(D) provides as follows--

(D). to provide the defendant with needed educational..., <u>medical care</u>, or other correctional treatment in the most effective manner....

The Petitioner therefore claims that under 18 U.S.C. § 3582(c)(1)(A)(i) this Court has the required jurisdiction to act upon and grant the relief requested hereunder. In pursuing the relief requested hereby, the Petitioner has exhausted the required administrative remedy. See Exhibit "A."

In a case arising out of Oakdale Federal Correctional Institution, in <u>U.S. v. Kelly</u>, U.S. Dist. Southern District of Mississippi, 2020, the district court there made findings regarding the exhaustation requirements:

> "The court first looked at whether the First Step Act's exhaustation requirements are jurisdictional." "Exhaustation requirements can either be (1) jurisdictional, meaning the rule 'governs a court's adjudicatory capacity,' that is, its subject-matter or personal jurisdiction, or (2) a '[c]laims-processing rule [], which are rules 'requiring that a party take certain procedural steps at certain specified time.'"
>
> When looking at the text of 18 U.S.C. § 3582, the court indicated that the language "does not 'clearly state' []" that the exhaustion requirement was jurisdictional. The court also indicated that the provision does not speak in jurisdictional terms or referring in any way to the jurisdiction of the district courts. Because of this, the language of 3582(c)(1)(A) did not provide a clear indication that Congress intended the provision to be jurisdictional and this court determined that § 3582(c)(1)(A)'s exhaustation requirement was a non jurisdictional claims-processing rule. See <u>Sandoz v. Cingular Wireless, L.L.C.</u>, 700 F. App'x 317, 320 (5th Cir. 2017)(citation omitted).

Therefore, the Covid-19 pandemic infection has triggered "extraordinary and compelling" circumstances creating a non judicially imposed "death sentence" to a very large number of federal inmates, including us, inmates here at Oakdale Federal Correctional Institution. Because of Covid-19 pandemic infection, "extraordinary and compelling" reasons do exist warranting immediate relief under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018.

4.

## IV. CONCLUSION

WHEREFORE, the Petitioner humbly asks this Honorable District Court to, based upon the above presented, grant the foregoing motion for relief in the form of Compassionate Release. That is, resentence the Petitioner to a time-served term of sentence pursuant to § 3582(c)(1)(A)(i). The Petitioner furthermore emphasizes the fact that if he is released from federal imprisonment, he will not in any way pose any danger to the safety of any other person or the community. 18 U.S.C. § 3142(g). USSG § 3B1.3. The Petitioner is a dominican national that due to the nature of his federal conviction, that is, a drug trafficking offense, he will be deported to the Dominican Republic at the time of his release from federal imprisonment. Currently, the Petitioner's statutory, projected, release date is on November 03, 2023. As off today, the Petitioner has served an approximated 58% of the statutory term of imprisonment. The Petitioner does not have, or earned, any disciplinary record throughout the complete period of his imprisonment; more so, the Petitioner has taken, completed, and accredited an extensive number of educational programs by maintaining himself engaged in improving his preparedness to be successful when he is finally freed from federal custody. The Petitioner's behavior is and has been completely outstanding.

Respectfully submitted this 6th day of July, 2020.

*Domingo Ventura*
Domingo Ventura
Reg. No. 90876-054, Unit AL-B
Federal Correctional Institution II
P.O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing motion for relief has been served upon the United States Attorney's Office at: the Silvio J. Mollo Building, One Saint Andrew's Plaza, New York, NY 10007, by depositing same in the institution's leagal mail system with enough pre-paid postage for its delivery through the U.S. Postal Service on this 6th day of July, 2020.

                        _Domingo Ventura_
                         Domingo Ventura

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Warden/Acting Warden FCI II-Oakdale | DATE: June 1, 2020 |
|---|---|
| FROM: Domingo Ventura | REGISTER NO.: 90876-054 |
| WORK ASSIGNMENT: Compound | UNIT: A1-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Dear Warden, please accept this as a "Request for Administrative Remdy" (BP-9) and do provide your answer accordingly. Warden, I am hereby requesting that a motion for Compassonate Release be filed on my behal under 18 U.S.C. § 3582(c)(1)(A)(i) and § 603(b)(1) of the First Step Act of 2018. Section 3582(c)(1)(A)(i) provides for relief when "extraordinary and compelling reasons" exist. Such extraordinary and compelling reasons are currently presente due to Covid-19 pandemic infection. Mr. William Barr, U.S. Attorney General, has condisered that Covid-19 pandemic do fit the description in § (i) of § 3582(c)(1)(A)(i). Because I suffer from chronic-illnesses that make most vulnerable to the Covid-19 infection, I should be eligible for relief in federal court under § 3582(c)(1)(A)(i). Thank you very much.

(Do not write below this line)

DISPOSITION:

As of this July 6, 2020, the office of the warden has failed to provide response to my request for a motion for compassioante release.

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

SECTION 6

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder

REGNO..: 90876-054 NAME: VENTURA, DOMINGO

```
FBI NO............: 838372TD3         DATE OF BIRTH: 09-11-1966 AGE:  53
ARS1..............: OAD/A-DES
UNIT..............: ALEXANDRIA        QUARTERS.....: A06-035L
DETAINERS.........: NO                NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 05-03-2023

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-03-2023 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION............: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER....................: 13-CR-00181-KBF-3
JUDGE............................: FORREST
DATE SENTENCED/PROBATION IMPOSED: 02-14-2014
DATE COMMITTED...................: 03-21-2014
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                  FELONY ASSESS    MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:   $100.00          $00.00           $5,000.00      $00.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO      AMOUNT: $00.00
```

--------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE

```
 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    151 MONTHS
 TERM OF SUPERVISION.............:      2 YEARS
 DATE OF OFFENSE.................: 02-13-2013
```


G0002          MORE PAGES TO FOLLOW . . .

REGNO..: 90876-054 NAME: VENTURA, DOMINGO


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-24-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-17-2014 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 02-14-2014
TOTAL TERM IN EFFECT............:    151 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     12 YEARS      7 MONTHS
EARLIEST DATE OF OFFENSE........: 02-13-2013

JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                   02-13-2013    02-13-2014

TOTAL PRIOR CREDIT TIME.........: 366
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 679
TOTAL GCT EARNED................: 378
STATUTORY RELEASE DATE PROJECTED: 11-03-2023
TWO THIRDS DATE.................: 07-04-2021
EXPIRATION FULL TERM DATE.......: 09-12-2025
TIME SERVED.....................:      7 YEARS      3 MONTHS      6 DAYS
PERCENTAGE OF FULL TERM SERVED..:   57.7
PERCENT OF STATUTORY TERM SERVED:   67.7

PROJECTED SATISFACTION DATE.....: 11-03-2023
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 04-11-14: COMP ENTERED. D/SPS
                02-24-20: UPD FOR FSA/GCT D/LLF




G0000       TRANSACTION SUCCESSFULLY COMPLETED

```
OAD02  542*22 *          SENTENCE MONITORING        *    05-18-2020
PAGE 001 OF 001 *           GOOD TIME DATA          *    08:58:56
                          AS OF  05-18-2020
```

REGNO...: 90876-054    NAME: VENTURA, DOMINGO
ARS 1...: OAD A-DES                              PLRA
COMPUTATION NUMBER..: 010               PRT   ACT DT:
LAST UPDATED: DATE.: 02-24-2020    FACL..: DSC    CALC: AUTOMATIC
UNIT................: ALEXANDRIA   QUARTERS............: A06-035L
DATE COMP BEGINS....: 02-14-2014   COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 366          TOTAL INOP TIME.....: 0
CURRENT REL DT......: 08-30-2024 FRI   EXPIRES FULL TERM DT: 09-12-2025
PROJ SATISFACT DT...: 11-03-2023 FRI   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                  DEPORT ORDER DATED..:

------------------------------GOOD CONDUCT TIME AMOUNTS------------------------

```
    START        STOP       MAX  POSSIBLE TO    ACTUAL TOTALS   VESTED    VESTED
    DATE         DATE       DIS     FFT         DIS     FFT     AMOUNT     DATE
  02-13-2013  02-12-2014    54       54
  02-13-2014  02-12-2015    54      108
  02-13-2015  02-12-2016    54      162
  02-13-2016  02-12-2017    54      216
  02-13-2017  02-12-2018    54      270
  02-13-2018  02-12-2019    54      324
  02-13-2019  02-12-2020    54      378
  02-13-2020  02-12-2021    54
  02-13-2021  02-12-2022    54
  02-13-2022  02-12-2023    54
  02-13-2023  02-12-2024    54
  02-13-2024  02-12-2025    54
  02-13-2025  09-12-2025    31
```

    TOTAL EARNED AMOUNT...........................................:  378
    TOTAL EARNED AND PROJECTED AMOUNT.............................:  679


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED