UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
UNITED STATES OF AMERICA

           -v-                                13-CR-181 (JPO)

DOMINGO VENTURA,                        ORDER
                       Defendant.
―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Defendant Domingo Ventura is serving a sentence of 151 months' imprisonment following his conviction for drug trafficking. That sentence was imposed by Judge Katherine B. Forrest in February 2014. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic and his medical conditions. (*See* Dkt. No. 107.) The Government has opposed Defendant's motion. (*See* Dkt. No. 109.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also

requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Defendant alleges that he has exhausted his administrative remedies and attaches a copy of a form, dated June 1, 2020, asking the warden of his facility to request compassionate relief on Defendant's behalf. He alleges that the warden has not responded to his request as of early July 2020. While the Government states that the Bureau of Prisons has no record of Defendant's request to the warden, the Court finds Defendant's showing to be sufficient to establish by a preponderance of evidence that Defendant likely presented his request to prison staff on or about June 1, 2020. Because more than 30 days have passed since the submission of that request, Defendant has satisfied the exhaustion requirement under § 3582(c)(1).

The Court does not find that there are "extraordinary and compelling reasons" warranting Defendant's release at this time. Defendant is 53 years old. While he does have certain medical conditions, he does not appear to suffer from any of the conditions identified by the CDC as creating particular high risk for COVID-19. He is not disabled and does not appear to be unable to perform the functions of daily living or to care for himself in a prison setting. In the event that his health status should significantly change, he may renew his request with this Court after exhausting his administrative remedies with the BOP.

Accordingly, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is denied.

The Clerk of Court is directed to close the motion at Docket Number 107.

Counsel for the Government is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: September 23, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge